**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BEN LEWIS HOLLAND | ) | CASE NO. 06-71594 |
| ANGELA TAYLOR HOLLAND | ) | |
| | ) | CHAPTER 13 |
| DEBTORS. | ) | |
| | ) | |

_____

**MEMORANDUM DECISION**

       The above captioned case came before the Court on February 26, 2007 on the Chapter 13 Trustee's recommendation for confirmation of the Debtors' Chapter 13 Plan.  Upon review of the Chapter 13 Plan, the Court sua sponte raised the question of whether the Plan satisfies the Chapter 7 liquidation test of 11 U.S.C. § 1325(a)(4), the answer to which requires an analysis of the Debtors' claim of exemptions in parcels of real property located at 1633 Angus Road and 7468 Old Franklin Turnpike.  At the hearing, the Court took the confirmation of the Debtors' Chapter 13 Plan under advisement to consider the validity of the claimed exemptions.  For the reasons stated below, the Court will confirm the Debtors' Chapter 13 Plan subject to a two month extension in the proposed term of the Chapter 13 Plan.

**FINDINGS OF FACT**

       On December 29, 2006, the Debtors filed for protection under Chapter 13 of the Bankruptcy Code.  The Debtors' petition indicates that the Debtors' address on the date of filing was 3645 Oaklawn Ave., Roanoke, Va.  According to the Debtors' petition and Statement of Financial Affairs, the Debtors moved to this location on January 27, 2006.  The Debtors'

1

Statement of Financial Affairs also indicates that they changed residences several times in the three years immediately proceeding the commencement of their case.  Prior to March 1, 2005 the Debtors lived at 6718 Gano Drive, Riverdale, Ga.  Between March 1, 2005 and June 25, 2005, they lived at 10865 Mortons Circle, Alpharetta, Ga.  Between June 25, 2005 and January 27, 2006 they lived at 7468 Old Franklin Turnpike, Roanoke, Va.  According to a "Debtor Address Correction Form" filed with this Court on February 16, 2007, the Debtors currently reside at 1633 Angus Road, Roanoke, Va.

The Debtors' Schedules A and D indicate that the Debtors jointly own two parcels of real estate.  The first parcel, 1633 Angus Road, is valued at $125,000 and is subject to a lien in the amount of $103,000.  The second parcel, 7468 Old Franklin Turnpike, is valued at $100,000 and is subject to a lien in the amount of $80,129.85.  In Schedule C, the Debtors claim exemptions under Ga. Code Ann. § 44-13-100(a)(1) in the amounts of $13,000 and $7,000 in the Angus Road and Old Franklin Turnpike parcels, respectively.

On January 11, 2007, the Debtors filed a Chapter 13 Plan that provided for the Debtors to make 36 monthly payments in the amount $525 each.  Based on the schedules and the aforementioned exemptions, the Debtors believed the Plan satisfied the requirements for confirmation.  The Plan was scheduled for a confirmation hearing on February 26, 2007.  Prior to confirmation, the Court reviewed the provisions of the Debtors' Plan and notified Debtors' counsel of its concerns regarding the validity of the exemptions claimed in Schedule C.

At the confirmation hearing on February 26, 2007, counsel for the Debtors addressed the Court's concerns and stated that upon review of the applicable bankruptcy provisions and Ga. Code Ann. § 44-13-100(a)(1), the Debtors were not entitled to the exemption

claimed in the Old Franklin Turnpike property. Counsel, however, argued that the Debtors were entitled to the exemption claimed in the Angus Road property. To establish that the Debtors are entitled to the exemption claimed in the Angus Road property, Debtors' counsel offered the testimony of Angela Taylor Holland, the female Debtor, as well as a letter from Hall Associates.

Ms. Holland testified that her current address is 1633 Angus Road, Roanoke, Va. Prior to moving to 1633 Angus Road, the Debtors lived in an apartment at 3645 Oaklawn Ave. During the time period that the Debtors were living in the apartment, Ms. Holland's brother and his family were living at 1633 Angus Road. Around Thanksgiving of 2006, Ms. Holland's brother informed the Debtors that he intended to vacate the Angus Road property in December 2006. At that time, the Debtors decided to move to 1633 Angus Road. After deciding to move to the Angus Road property in late November 2006, the Debtors informed their then landlord, Hall Associates, of their intent to vacate the premises prior to January 31, 2007. Ms. Holland testified that notice was given for January 31, 2007, as it was the last day of the Debtors' existing lease with Hall Associates. To corroborate Ms. Holland's testimony, the Debtors introduced Exhibit A, a letter from Hall Associates. The letter indicates that as of November 29, 2006, Hall Associates was aware that the Debtors planned to vacate their apartment at 3645 Oaklawn Ave. by January 31, 2007.[1] Ms. Holland further testified that the Debtors began moving their belongings into 1633 Angus Road in December 2006 and continued to do so throughout the month. The Debtors also began transferring the utilities into their names during the month of

---

[1] Although the letter from Hall Associates is dated November 29, 2007, the Court finds that this was merely a drafting error and that the actual date of the letter was November 29, 2006. The Court reaches this conclusion because, among other reasons, this matter came before the Court on February 26, 2007.

December. Ms. Holland testified that on December 29 or December 30, her brother moved out of the Angus Road property. On the same day that Ms. Holland's brother moved out of the Angus Road property, the Debtors moved into it. After the Debtors moved into 1633 Angus Road, they transferred the remainder of the utilities into their name.

At the conclusion of the evidence, counsel for the Debtors argued that the evidence clearly established the Debtors' intent to occupy 1633 Angus Road and that the Debtors had taken substantial steps to occupy the property prior to filing their petition. Counsel further argued that the evidence established that the Debtors moved into 1633 Angus Road no more than 24 hours after their petition was filed. Based on these facts, counsel argued that the Court should uphold the Debtors' claim of exemption in the Angus Road property. Counsel for the Debtors also expressed the Debtors' willingness to extend the life of their plan if such is required to meet the "liquidation test".

The Chapter 13 Trustee offered no evidence in support of or against the claimed exemption in the Angus Road property. The Chapter 13 Trustee, however, agreed that the evidence presented was sufficient to establish that the Debtors are entitled to the exemption claimed in the Angus Road property. The Chapter 13 Trustee also agreed with Debtors' counsel that the Debtors are not entitled to the exemption claimed in the Old Franklin Turnpike parcel.

The Trustee further stated that assuming the claimed exemption in the Angus Road property is upheld and the claimed exemption in the Old Franklin Turnpike property is denied, the Debtors' existing Chapter 13 Plan would fall short of the liquidation test by approximately $500. Based on these assumptions, the Chapter 13 Trustee stated that she recommended confirmation of the Debtors' existing Chapter 13 Plan with the caveat that the

Plan be extended to 38 months to ensure that unsecured creditors receive sufficient funds to satisfy the liquidation test of 11 U.S.C. § 1325(a)(4).

As the above facts are not in dispute, the Court will accept them as true. Additionally, the Court specifically finds the following facts:

1. During the 730 days immediately preceding their bankruptcy petition filing, the Debtors were domiciled in both Virginia and Georgia.

2. During the 180 day period prior to the 730 days immediately preceding the filing their bankruptcy petition, the Debtors were domiciled exclusively in Georgia.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Confirmation is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(L).

Under Section 1325(a) of the Bankruptcy Code, this Court "shall" confirm a Chapter 13 plan if it complies with the requirements of such section. This Court understands that it has an independent duty not to confirm plans which it believes to be contrary to the pertinent provisions of the Bankruptcy Code irrespective of whether a creditor or other party in interest objects to confirmation. *See United States v. Easley,* 216 B.R. 543, 544 n. 1 (W.D. Va. 1997) ("The Bankruptcy Court is under an independent duty to verify that a Chapter 13 plan does in fact comply with the law, irrespective of the lack of an objection by creditors or the Chapter 13 trustee.").

The Bankruptcy provision that is relevant to the current matter is 11 U.S.C. §§ 1325(a)(4). § 1325(a)(4), which is also known as the liquidation test, requires "that the Chapter 13 debtor must provide to his general creditors at least as good a 'deal' as they would receive under Chapter 7." *See In re Evans*, 344 B.R. 440, 450 (Bankr. W.D. Va. 2004) (discussing the debtor's right to convert from Chapter 7 to Chapter 13). When determining whether the liquidation test is met, a court must consider the value of the debtor's assets, the cost of liquidation, and any exemption the debtor may claim in the resulting proceeds. *See* 8 *Collier on Bankruptcy* ¶ 1325.05[2][d] at pp. 1325-22 and -23 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). In the present case, the Debtors filed a Chapter 13 Plan which, based on the exemptions claimed in their Schedule C, they believed met the liquidation test. There is no dispute as to the validity of the exemptions claimed by the Debtors in their property other than those dealt with in this decision. The Court has questioned, however, the validity of $20,000 of exemptions claimed in two parcels of real estate under Ga. Code Ann. § 44-13-100(a)(1). Accordingly, the Court must determine whether the claimed exemptions are valid in order to decide whether the Debtors' Chapter 13 plan meets the requirements of the liquidation test.

11 U.S.C. § 522(b)(3)(A) provides that a debtor may exempt

> any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period. . . .

11 U.S.C. § 522(b)(3)(A). In the present case the Debtors were domiciled in both Georgia and Virginia during the 730 days immediately preceding their bankruptcy petition. However, during

6

the 180 days immediately preceding the 730 day period, the Debtors were domiciled exclusively in Georgia.  Under the provisions of § 522(b)(3)(A), the debtors are thus eligible only to claim exemptions under the Georgia Code.

As previously discussed, the Debtors have claimed a $13,000 exemption in the Angus Road property and a $7,000 exemption in the Old Franklin Turnpike property under Ga. Code Ann. § 44-13-100(a)(1).  Ga. Code Ann. § 44-13-100(a)(1) provides that a debtor can exempt

> (t)he debtor's aggregate interest, not to exceed $10,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor. In the event title to property used for the exemption provided under this paragraph is in one of two spouses who is a debtor, the amount of the exemption hereunder shall be $20,000.00;

The Debtors are thus only entitled to an exemption in real property under this provision if the Debtors or a dependent resides at the subject property.  *In re Holt*, 2006 Bankr. LEXIS 3512 (Bankr. M.D. Ga. 2006)(holding that the debtors were entitled to an exemption in their residence as well as mobile home in which their dependents, a 22-year old daughter and her son, resided). It is undisputed that the Debtors do not reside at 7468 Old Franklin Turnpike, and furthermore, the Debtors have admitted that they are not entitled to claim an exemption under the applicable statute.   Given these facts the Court concludes that the Debtors are not entitled to the $7,000 exemption claimed in the Old Franklin Turnpike property.

The $13,000 exemption claimed in the Angus Road property, however, provides a more interesting question for the Court.  As previously discussed, counsel for the Debtors has

argued that although the Debtors did not move into 1633 Angus Road until after their petition was filed, the Debtors should not be barred from claiming an exemption in the property. In order to determine whether the Debtors are entitled to the claimed exemption, the Court must more throughly examine Georgia law. The Court has found no authority which applies Ga. Code Ann. § 44-13-100(a)(1) to facts similar to those presented in this case. As such, the Court must turn to the rules of statutory interpretation in order to determine if the Debtors are entitled to the claimed exemption. In Georgia, the "cardinal rule of statutory construction is 'first, to ascertain the legislative intent and purpose in enacting the law and then to give it that construction which will effectuate the legislative intent and purpose.'" *Sawnee Elec. Membership Corp. v. Georgia Pub. Serv. Comm'n*, 544 S.E.2d 158, 160 (Ga. 2001) (quoting *City of Calhoun v. North Georgia Elec. Membership Corp.*, 213 S.E.2d 596, 599 (Ga. 1975)). Georgia courts have held that the purpose of Ga. Code Ann. § 44-13-100(a)(1) is to provide debtors with a fresh start and a place for them and their dependents to live. *See Holt*, 2006 Bankr. LEXIS 3512. Given that the Debtors are currently residing at 1633 Angus Road and the Debtors could be left without a home if not for the subject property, the Court believes that the purpose of Ga. Code Ann. § 44-13-100(a)(1) would be served by upholding the claimed exemption.

In addition to the conclusion that upholding the exemption will further the purpose of Ga. Code Ann. § 44-13-100(a)(1), the Court notes that sound bankruptcy policy favors liberally construing exemptions in favor of debtors. *See In re McGuire*, 132 B.R. 803, 805 (Bankr. M.D. Ga. 1987)(holding that the term "any property" in the Georgia exemptions should be liberally construed). This policy of liberal construction has led to the development of the concept of "constructive occupancy" and the application of this concept to the federal

8

homestead exemption under 11 U.S.C. § 522. *See In re Lusiak*, 247 B.R. 699, 702-702 (Bankr. N.D. Ohio 2000)(applying constructive occupancy to the federal homestead exemption). A debtor has been held to occupy constructively a property when the debtor intends to reside in a property or has taken significant steps toward moving into a subject property. *See In re McClanahan*, 1981 Bankr. LEXIS 3721 (Bankr. S.D. Ohio 1981)(applying constructive occupancy to the Ohio homestead exemption when the debtor was repairing rental property in preparation for moving into the property at the time of the petition). *See also In re Bennett*, 192 B.R. 584, 587 (Bankr. Me. 1996)(stating that the debtor's intent is the primary factor in determining constructive occupancy). The Court further notes that the language of Ga. Code Ann. § 44-13-100(a)(1) is based on the federal homestead exemption of 11 U.S.C. § 522. *See In re Harrison*, 13 B.R. 293, 294 (Bankr. N.D. Ga. 1981)(stating that the "Georgia exemption statute is based on the federal exemption statute contained in 11 U.S.C. § 522."). *Compare* 11 U.S.C. § 522 *with* Ga. Code Ann. § 44-13-100(a)(1). The similarities between Ga. Code Ann. § 44-13-100(a)(1) and 11 U.S.C. § 522 and the liberal construction accorded exemptions generally lead the Court to the conclusion that it would be appropriate to apply the concept of constructive occupancy to Ga. Code Ann. § 44-13-100(a)(1). When constructive occupancy is applied to the facts of the current case, the Court concludes that Debtors constructively occupied 1633 Angus Road at the time they filed their petition in this Court as they intended to reside at the property prior to filing their petition and took substantial steps to do so. Thus, the Court concludes that the Debtors are entitled to the claimed exemption in the Angus Road property because the purpose of Ga. Code Ann. § 44-13-100(a)(1) as set forth in Georgia decisions is furthered by such a conclusion and because the policy of liberally construing bankruptcy

exemptions in favor of debtors favors utilization of the concept of constructive occupancy.

Having concluded that the Debtors are entitled to claim an exemption in the Angus Road property and not in the Old Franklin Turnpike property, the Court will address whether the Debtors' Chapter 13 Plan satisfies the liquidation test. As previously discussed, for a Chapter 13 plan to meet the liquidation test unsecured creditors must receive as much property under the plan, valued as of its effective date, as they would in a Chapter 7 case. *See Evans*, 344 B.R. at 450. The Trustee has proffered that if the Court allows the claimed exemption in the Angus Road property and disallows the exemption claimed in the Old Franklin Turnpike property, the Debtors' Chapter 13 Plan would need to be extended to 38 months in order to meet the requirement of the liquidation test. As the Debtors have not contested the Trustee's analysis regarding the liquidation test, the Court will accept the recommendation. Thus the Court concludes that the Debtors' Chapter 13 Plan will meet the requirements of the liquidation test if the plan is extended from 36 to 38 months. Given that the Debtors have expressed a willingness to extend the life of their existing Chapter 13 Plan to meet the liquidation test, the Court will confirm the Debtors' Chapter 13 plan subject to their agreement to extend its term from 36 to 38 months.

## CONCLUSION

For the reasons stated above, the Court by its separate order will confirm the Debtors' Chapter 13 Plan with an extended life of 38 months.  The Trustee's confirmation order shall be endorsed by Debtors' counsel to evidence the Debtors' consent to such extension.

This 26th day of March, 2007.

_____
William F. Stone, Jr.
United States Bankruptcy Judge